IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DESTINEE JACKLYN CARRILLO,

    Plaintiff,

v.                                                    No. 1:24-cv-00014-SCY

NEW MEXICO CORRECTIONS DEPARTMENT,
SHANE FLYNN, in his official capacity and
DANIEL MONTOYA, in his official capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER
TO SHOW CAUSE AND TO CURE DEFICIENCY**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Civil Right Violations Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 4, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed January 4, 2024 ("Short Form Application").

**The Complaint**

Plaintiff asserts claims against the New Mexico Corrections Department ("NMCD"), Shane Flynn and Daniel Montoya pursuant to 42 U.S.C. § 1983. *See* Complaint at 1. Defendant Montoya is a supervisor for the NMCD. *See* Complaint at 1, ¶ 5. Defendant Flynn is a probation officer for the NMCD. *See* Complaint at 1, ¶ 6. Plaintiff asserts a "Fourth Amendment Violation Illegal Search and Seizure" claim on the grounds that Defendants placed Plaintiff "on a GPS monitoring device" "without a court order signed by a judge" and "by failing to obtain a warrant prior to the placement of the GPS." Complaint at 5, ¶¶ 28-29; at 6, ¶ 35. Plaintiff seeks damages and an "order to remove the GPS." Complaint at 10, ¶¶ 64, 69.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It does not appear that the Court has subject-matter jurisdiction over Plaintiff's damages claims against the New Mexico Department of Corrections or the individual Defendants in their official capacities. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in her Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. Furthermore, Plaintiff has sued Defendants Flynn and Montoya in their official capacities. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983

and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

Plaintiff has also not shown that the Court has jurisdiction over Plaintiff's claim seeking an "order to remove the GPS." The Order of Probation in Plaintiff's state-court proceeding allows for the placement of electronic monitoring as deemed appropriate by the probation officer. *See* Attachment 1, Order of Probation at 1, ¶ 5, filed September 23, 2022, in Cause # D-202-CR-2020-00998, D-202-CR-2021-00705, 2nd Judicial District Court, Bernalillo County. It appears that granting an "order to remove the GPS" would vacate or amend the judgment in Plaintiff's state-court proceeding. *See* 28 U.S.C. § 2254, State custody, remedies in federal court (stating the conditions under which a federal court may grant habeas relief); *Hamilton v. Bird*, 650 Fed. Appx. 585, 587 n.1 (10th Cir. 2016) ("[p]robationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief.") (quoting *Olson v. Hart*, 965 F.2d 940, 942–43 (10th Cir. 1992), *superseded by statute on other grounds*, Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, 110 Stat. 3847, *as recognized in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

The Complaint also appears to fail to state a claim for a Fourth Amendment violation based on Defendants' placement of a GPS device on Plaintiff.

> The Supreme Court has recognized two exceptions to the Fourth Amendment's warrant requirement in the parolee/probationer context, and for our analysis we assume that Mathews's status is akin to that of a probationer or parolee. The first exception, generally described as a "special needs search," holds that "it is constitutionally reasonable for a parole officer to search parolees in compliance with a parole agreement search provision, but without a warrant." *United States v. Freeman*, 479 F.3d 743, 746 (10th Cir. 2007) (citing *Griffin v. Wisconsin*, 483 U.S. 868, 875–76, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)). The second exception, known as the totality-of-the-circumstances exception, "authorizes warrantless searches without probable cause (or even reasonable suspicion) by police officers with no responsibility for parolees or probationers when the totality of the circumstances renders the search reasonable." *United States v. Warren*, 566 F.3d

3

1211, 1216 (10th Cir. 2009) (citing *Samson v. California*, 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006); *United States v. Knights*, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001)).

The totality-of-the-circumstances "exception is predicated on (1) the reduced (or absent) expectation of privacy ... for probationers and parolees and (2) the needs of law enforcement." *Id.* "[W]hen the terms of a parolee's parole allow officers to search his person or effects with something less than probable cause, the parolee's reasonable expectation of privacy is significantly diminished." *United States v. Pacheco*, 884 F.3d 1031, 1041 (10th Cir. 2018) (internal quotation marks omitted). We balance this significantly diminished expectation of privacy against the government's "interest in apprehending violators of the criminal law." *Id.* (internal quotation marks omitted). Given that "the very assumption of the institution of probation is that the probationer is more likely than the ordinary citizen to violate the law," the government "may therefore justifiably focus on probationers in a way that it does not on the ordinary citizen." *Id.* (internal quotation marks and citations omitted).

As a general matter, a search of a parolee or probationer "authorized by state law" satisfies the totality-of-circumstances exception. *United States v. Mabry*, 728 F.3d 1163, 1167 (10th Cir. 2013). A defendant's "own parole [or probation] agreement and the state regulations applicable to his case" determine whether a search of a parolee or probationer is authorized by state law. *Freeman*, 479 F.3d at 748. Accordingly, "[p]arolee [and probationer] searches are ... example[s] of the rare instance in which the contours of a federal constitutional right are determined, in part, by the content of state law." *Id.* at 747–48.

*United States v. Mathews*, 928 F.3d 968, 975-76 (10th Cir. 2019) (footnote omitted).

Plaintiff alleges that Defendants placed the GPS on her without a warrant or a court order. However, the Order of Probation in Plaintiff's state-court case states: "I will follow all orders and instructions of my Probation/Parole officer including actively participating in and successfully completing any level of supervision . . . which may include . . . Elec Monitoring or other supervision/treatment program, as deemed appropriate by the Probation/Parole Officer." Attachment 1, Order of Probation at 1, ¶ 5. State District Court Judge Courtney Weaks signed the Order of Probation. Plaintiff also signed the Order of Probations stating: "I have read and understand the terms of this Probation Order and will abide by its terms." Order of Probation at 2. It therefore appears that Defendants' placement of a GPS device on Plaintiff, pursuant to a

4

court order signed by a judge and agreed to by Plaintiff, falls within an exception to the Fourth Amendment's warrant requirement in the parolee/probationer context discussed in *United States v. Mathews*.

The Court orders Plaintiff to show cause why the Court should not dismiss her claims for lack of jurisdiction and for failure to state a claim. If Plaintiff asserts the Court should not dismiss her claims, Plaintiff must file an amended complaint.

**Order to Cure Deficiency**

Plaintiff filed a motion for leave to proceed *in forma pauperis* using the Short Form Application. The Court requires plaintiffs seeking to proceed *in forma pauperis* to file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Long Form Application"). Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of Plaintiff's motion for leave to proceed *in forma pauperis*.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss her claims; and (ii) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

(ii) Plaintiff shall, within 21 days of entry of this Order, file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Failure

to timely file a Long Form Application may result in denial of Plaintiff's Motion for Leave to Proceed In Forma Pauperis.

(iii)  The Clerk shall send to Plaintiff the form "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

*Steve Yarbrough*
_____
**UNITED STATES MAGISTRATE JUDGE**